# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adrian Duran Patterson,<br><br>    Plaintiff,<br><br>v.<br><br>T. Johnson, et al.,<br><br>    Defendants. | No. CV-16-03949-PHX-GMS (JFM)<br><br>**ORDER** |

Pending before the Court is Plaintiff's First Amended Complaint (Doc. 10), Magistrate James F. Metcalf's Report and Recommendation ("R&R") (Doc. 12) and Plaintiff's Written Objections (Doc. 15). For the reasons listed below the Court accepts the R&R's recommendation that Plaintiff proceed on counts one and eight, and that counts two, three, five, six and ten of the First Amended Complaint ("FAC") be dismissed. The Court does not accept the R&R's recommendation that counts four, seven and nine be dismissed. Accordingly, therefore, counts two, three, five, six and ten are dismissed. Plaintiff may proceed on counts one, four, seven, eight and nine of his FAC.

First Plaintiff objects to the R&R's recommendation that the claims in the FAC against Jane Doe # 1 and Jane Doe # 2 be dismissed without prejudice. The recommended dismissal of these, as yet, unidentified parties would, among other things, result in the dismissal of count nine of the FAC that is asserted against Jane Doe # 1 only. The R&R notes that the FAC can be yet again amended once the parties have been

identified through proper discovery. Of course, there is no authority that would allow a party to conduct discovery on dismissed claims. It is presumably for this reason that the Ninth Circuit has held that it would be error to dismiss a fictionally named party without prejudice under circumstances that are indistinguishable from these. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. United States Steel Corp.,* 379 U.S. 148, 152 (1964)) ("Far from supporting he district court's action *Gillespie* demonstrates that the district court erred in dismissing [Plaintiff's] against Does simply because Wakefield was not aware of Doe's identity at the time he filed his complaint."). The Court recognizes that service will not be possible on Jane Does # 1 and 2 until they are identified, but nevertheless declines to adopt the approach recommended by the R&R as being contrary to the law of this Circuit. Plaintiff has, for now, stated a claim in Count Nine, and his other allegations against Jane Does # 1 and 2 will stand.

This Court adopts the R&R's recommendation that counts two and three be dismissed because an excessive force claim for a pretrial detention is appropriately brought under the Fourteenth Amendment (count one) rather than the Fourth Amendment (counts two and three). *Kingsley v. Hendrickson,* ___U.S.___, 135 S.Ct. 2466, 2473 (2015), *Gibson v. County of Washoe,* 290 F.3d 1175, 1197 (9th Cir. 2002). Plaintiff cites to no contrary cases, he merely argues that under other factual circumstances it is the Fourth Amendment rather than the Fourteenth Amendment that provides a remedy for such claims. In reality, however, counts one through three are all based on the same factual predicate and all state the same claim—excessive force. It is merely that pursuant to the factual assertions contained in the amended complaint the excessive force claim would have to be brought under the due process clause (count one), rather than the Fourth Amendment (counts two and three). Therefore it is appropriate to dismiss counts two and three, but, if it is not appropriate to dismiss count one, because that is the appropriate constitutional vehicle on which to base an excessive force claim.

Given this logic, however, the Court should not dismiss a conspiracy claim just

because Plaintiff alleged that the conspiracy claim applies to its excessive force claims but only specifically listed counts two and three. Liberally read the FAC alleges that Defendants conspired to use excessive force upon the Plaintiff in violation of his due process rights. He has alleged more than mere parallel conduct. He has asserted that he overheard Defendants' actually conspiring to violate his rights. A motion to dismiss is not the time to make a credibility determination. Count four sufficiently states a claim

Further, the Court also declines to adopt the R&R's recommendation that count seven be dismissed. Again, while Plaintiff has to state at least a plausible claim to survive a motion to dismiss, so long as Plaintiff's claims meet the standard of plausibility, it is not proper to dismiss a claim because there may be a more plausible explanation of the facts. Further, it appears to the Court that the FAC makes sufficient factual allegations to suggest that the indignities he alleges he suffered resulted from his statements to the Defendants. Thus, he has sufficiently stated a claim under count seven. The fact that there may be a more plausible explanation does not merit a dismissal of Plaintiff's claim at a motion to dismiss stage.

Plaintiff's remaining objections to the R&R are neither responsive nor persuasive. Plaintiff himself alleges that he was detained pursuant to a request by the state of Wisconsin Department of Corrections. This being so Plaintiff has not sufficiently alleged a plausible factual or legal basis to conclude that Defendants' detention of him was wrongful or without legal authorization when they were requested to do so by U.S. Corrections extradition officials. He offers no fact to suggest that Arizona officials are not authorized to detain someone when they receive an appropriate request to do so by a sister state or its agent.

**IT IS THEREFORE ORDERED** granting in part and denying in part Magistrate Metcalf's R&R (Doc. 12) as set out above.

///

///

///

| | |
|---|---|
| 1 | **IT IS FURTHER ORDERED** that counts two, three, five, six and ten of the FAC |
| 2 | be dismissed and that Plaintiff proceed on counts one, four, seven, eight and nine of his |
| 3 | FAC. |
| 4 | Dated this 2nd day of August, 2017. |

*[Signature]*
Honorable G. Murray Snow
United States District Judge